108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hilberto MIRANDA-GALDAMEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70746.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1997.*
Decided Feb. 14, 1997.
 
 1
 Petition for Review of an Order of the Immigration and Naturalization Service, No. Axm-qqn-uvb.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM, District Judge.**
 
 
 4
 MEMORANDUM***
 
 
 5
 Hilberto Miranda-Galdamez, a native and citizen of El Salvador, appeals the Board of Immigration Appeals' ("BIA") denial of his petition for suspension of deportation on the basis of extreme hardship. Miranda-Galdamez claims hardship on both family separation and economic grounds. We have jurisdiction pursuant to 8 U.S.C. § 1105a and we deny the petition.
 
 
 6
 * Petitioner Hilberto Miranda-Galdamez was born and raised in El Salvador. In 1982, at the age of 18, Miranda-Galdamez illegally entered the United States, where he has lived continuously since.[1] While in the United States, Miranda-Galdamez has earned income through cement work, landscape maintenance and ceramic and tile work.
 
 
 7
 Miranda-Galdamez has lived with Maria Isabel Ramos, whom he refers to as his "common law wife," since 1985, notwithstanding two periods of separation. They plan to marry. Ramos also entered the United States illegally, but presently has Temporary Protected Status. The couple has two children, both United States citizens. Mario Alexander is a nine year old third-grader. Maria Cristina is seven years old and in the first grade. At his deportation hearing, Miranda-Galdamez testified that the children would likely remain in the United States if he was deported.
 
 
 8
 In 1994, the Immigration and Naturalization Service ("INS") instituted deportation hearings pursuant to § 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(1)(B). Miranda-Galdamez conceded deportability and petitioned for suspension of deportation under § 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1). He petitioned, in the alternative, for voluntary departure under § 244(e) of the INA, 8 U.S.C. § 1254(e). The Immigration Judge ("IJ") denied Miranda-Galdamez's petition on both grounds. On appeal, the BIA affirmed the IJ's denial of the suspension of deportation claim, but reversed as to voluntary departure.
 
 II
 
 9
 An alien seeking suspension of deportation must establish: (1) continuous physical presence in the United States for at least seven years immediately preceding the date of application; (2) good moral character; and (3) that deportation would result in extreme hardship to himself or herself, or to a spouse, parent, or child who is a United States citizen or has been lawfully admitted for permanent residence. 8 U.S.C. § 1254(a)(1). See Tukhowinich v. INS, 64 F.3d 460, 462 (9th Cir.1995). A grant of suspension of deportation remains at the discretion of the Attorney General, even upon satisfaction of these requirements. INS v. Rios-Pineda, 471 U.S. 444, 446 (1985). We review the BIA's denial of a petition for suspension of deportation for an abuse of discretion. Tukhowinich, 64 F.3d at 463.
 
 
 10
 The IJ found that Miranda-Galdamez met the first two requirements for suspension of deportation; only the issue of extreme hardship was at issue before the BIA. Relevant factors in the "extreme hardship" determination include: the petitioner's age, health and occupation, as well as his family relations both in the United States and in his home country, and the petitioner's community ties in the United States. See Gutierrez-Centeno v. INS, 99 F.3d 1529, 1533 n. 9 (9th Cir.1996). The BIA has the discretion to interpret "extreme hardship" narrowly "as long as it considers all relevant factors to the hardship determination and states its reasons for denying the requested relief." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 11
 Miranda-Galdamez challenges the BIA's decision on three grounds; he fails on each. He first claims that the BIA should consider the hardship to his close relations, namely the mother of his United States citizen children and his siblings in the United States. Miranda-Galdamez's siblings are clearly not in the purview of the statute and their hardship need not be considered. The issue of Ms. Ramos, Miranda-Galdamez's "common law wife," is more difficult, as she may qualify as Miranda-Galdamez's "spouse" under § 1254(a)(1). The BIA noted, however, that Miranda-Galdamez did not assert this argument at the hearing. Therefore the BIA did not abuse its discretion in failing to consider Ramos' hardship.
 
 
 12
 As for Miranda-Galdamez, the BIA concluded that any hardship imposed on him was that "generally experienced" by deported aliens and thus not "extreme." See Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) ("The common results of deportation or exclusion are insufficient to prove extreme hardship."). The BIA also correctly noted that any hardship inflicted on Miranda-Galdamez's children by separation from their father was "a choice entirely the respondent's," given his decision not to bring his family with him to El Salvador.
 
 
 13
 Second, Miranda-Galdamez contends that the economic conditions in El Salvador are so severe that his prospect for work is poor, inhibiting his ability to support his family. The BIA found otherwise. It properly considered Miranda-Galdamez's potential for employment in El Salvador based on his age and prior work experience and found a likelihood of employment. The BIA also concluded that any economic hardship inflicted on Miranda-Galdamez's children as a result of his deportation would be mitigated by their mother's continued employment in the United States as well as Miranda-Galdamez's future employment in El Salvador.
 
 
 14
 Last, Miranda-Galdamez claims that the BIA failed to consider the fact that he has demonstrated an ability to contribute to the economy in the United States and pay taxes. Indeed, the BIA did not consider these factors, nor should it have, as neither is a relevant factor in the hardship determination. Even to the extent that these factors were relevant, petitioner's claimed ability to "contribute" to the economy and pay taxes in the United States are surely tainted by the fact that his income in the United States derives from employment gain in violation of United States immigration law. Miranda-Galdamez admits that he secured work with false documentation and that he never received permission from the INS to work in this country.
 
 
 15
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William A. Ingram, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 While the BIA's opinion states that Miranda-Galdamez entered the United States in 1985, this must be a typographical error as both the petitioner himself, the Immigration Judge and the Immigration and Naturalization Service all list 1982 as his date of entry